IN THE UNITED STATES BANKRUPTCY

CENTRAL DISTRICT OF CALIFORNIA (RIVERSIDE)

IN THE MATTER OF:

ELLIOTT R RODRIGUEZ
4216 WHEELER STREET
RIVERSIDE, CA 92503
PRO SE (951) 315-4744

CASE NO: 6:14-BK-21437- WJ

HEARING DATE: JANUARY 6, 2015
TIME: 1:00 PM
COURT ROOM 304

TRUSTEE:

HELEN R FRAZER (TR)
ATKINSON, ANDELSON, LOYA, RUUD & R
12800 CENTER COURT DRIVE, STE 300
CERRITOS, CA 90703
(562) 653 -3200

U.S. TRUSTEE:
UNITED STATES TRUSTEE
3801 UIVERSITY AVENUE, STE 720
RIVERSIDE, CA 92501
(951) 276 -6990

FILED
DEC 11 2014
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:             Deputy Clerk

---

### EMERGENCY MOTION TO CANCEL/POSTPONE SALE, VACATE FINAL JUDGMENT AND REQUEST AN EVIDENTIARY HEARING BASED UPON FRAUD ON THE COURT

Comes now, Elliott Rodriguez, and pursuant to California Rules of Civil Procedure, respectfully request this honorable court to Cancel/Postpone the sale date of December 16, 2014, vacate and set aside the order setting the sale date, and canceling the sale of the subject property and as grounds therefore says that the LENDERS/TRUSTEE committed a fraud upon the Court in that the LENDERS/TRUSTEE does not now and did not, at the time of the foreclosure, own the mortgage, the mortgage note, any security agreements, nor have the requisite power to represent the real party in interest, nor did the LENDERS/TRUSTEE allege facts in support thereof. This Emergency motion is not filed for the purposes of delay. The true facts (and consequent fraud perpetrated upon this Court by LENDERS/TRUSTEE) regarding the prior sale of the risk, servicing and ownership of the mortgage and note regarding the subject real property and alleged liability did not come to the attention of the undersigned defendant until the last few days.

The Trustee does not have the current authority to proceed with the sale or foreclosure, nor to defend the claims of the undersigned Petitioners because of events subsequent to closing that changed both the ownership and authority of the subject note and mortgage, the authority of the Trustee to represent the interests of the real parties in interest and the lack of documentation showing that the real party in interest can be established. The trustee, the lenders, the underwriters and the presence of third party investors."

The unique context in which this and other mortgages are being foreclosed on primary residential properties has left all affected parties in untenable positions resulting from rules which never contemplated these circumstances. None of the affected parties wish to see the subject property foreclosed, sold or the property abandoned. All of the parties affected have it in their interest to preserve and maintain the security of the asset which is the subject of the instant action. It therefore falls within the equitable powers of the Court to order mediation, and to require people with decision-making authority to appear at said mediation prior to the consideration of the current motion or any subsequent motion. (See Exhibit A attached)

WHEREFORE, Petitioners pray that this Honorable Court will vacate the sale and/or judgment, deny any motion or petition for eviction on the grounds of lack of jurisdiction over the parties or the subject property, order mediation, refer this matter for changes in the rules of civil procedure, and grant such other and further relief as the court may deem just and proper.

I HEREBY CERTIFY that a true and correct copy was sent by U.S. Mail to the following names, addresses and fax numbers this 10 day of December 2014.to opposing counsel at the following number Attn: RIC JUAREZ. ASSOCIATE DIRECTOR, Trustee Sale Officer. (866) 795-1852.

YOUR SIGNATURE: _____

State of California

County of Riverside

On 12/11 ,2014 before me, Camille M Mallard, a Notary Public, personally Appeared Elliott R. Rodriguez, Who proved to me on the basis of satisfactory evidence To be the person (s) whose name (s)(is)/are subscribed to the within instrument and acknowledged to me that (he)/she/they executed the same in (his)/her/their authorized capacity

(ies) and they by his/hre/their signature(s) on the instrument the person(s) or the entity

Upon behalf of which the person(s) acted. Executed the instrument.

I certified under PENALTY OF PERJURY under the laws of the state CALIFORNIA that the

Foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Camille M Mallard_ (seal)



### ORDERED AND ADJUDGED:

1. This Court reserves ruling and reserves jurisdiction to enter such orders on Petitioner's motion and matters attendant to the Motion and other issues presented in this Order.

2. The sale of the subject property is stayed under further order of this Court. The sale date is hereby cancelled.

3. Petitioner is ordered to maintain the property, pay the utilities and taxes, and to provide proof of same to the Trustee every month.

4. Upon motion of the Trustee, in compliance with the legal requirements of standing, competence, and proof of facts, the Trustee may apply for a hearing on motion to lift the Stay herein and reset the sale date if the Petitioner can be shown to have failed to adequately maintain the property, reasonable wear and tear excepted, pay the utilities and taxes, or upon entry of an order by this or an appellate court vacating this Order and remanding the case for further consideration.

5. The Trustee shall produce original documentation to the Court proving standing and authority to proceed under California statutes within ten (10) days from the date of entry of this court in the Court records. Time is of the essence. Failure of the trustee to file said documentation, including all original assignments or sales of the risk, security or debt specifically and expressly connected with this Petitioner and this Subject Property shall automatically constitute a dismissal with prejudice of the foreclosure, the sale, the eviction and any claim for past due payments from this Petitioner and shall relieve the Petitioner from the accrual or payments for principal or interest to any party until such original documentation is produced.

6. The parties are ordered into mediation within 180 days at which the Trustee shall provide proof which maybe used in these proceedings showing the compliance or lack thereof with the applicable laws and rules of the State of California, the Federal government or any agency in

connection with disclosures concerning, risk, fair market value, true cost of the loan, the true ultimate source of capital to fund the loan, and any changes in underwriting standards that were not disclosed to the Petitioner/Buyer and such documents shall also be filed with the Court at least ten (10) days prior to actual mediation. Failure of any affected party to appear at said medication shall constitute a waiver of any claim for payment, and claim for security or any other rights under the original transactions by which the loan documents were produced. The failure of any affected party to produce a person at the time and place of the mediation (which shall be set by order of the mediator) who is authorized to make a final decision regarding settlement shall constitute a non-appearance under this paragraph.

7. The mediator shall submit a written report of the agreement(s) of the parties which shall be approved and made binding by order of this Court upon proper notice and hearing of the parties.

8. This case is hereby referred to applicable rule-making committees and agencies that are empowered to make temporary or permanent changes in the rules of civil procedure to accommodate the overload of foreclosure cases pending before the California Court system. Toward that end, this Court suggests the following for consideration by said entities for temporary changes to the rules of civil procedure until the current mortgage meltdown crisis has passed:

## Emergency Provisional Rules

## Mortgage Foreclosures

These emergency rules of civil procedure apply to all foreclosures on all property, real or personal, initiated on or before January 1, 2007. No Judgment shall be executed, or if already executed, enforced, and no order of removal or eviction or seizure related to foreclosure shall be executed, or if already executed, enforced unless a Court of competent jurisdiction shall have executed an order finding as a matter of law and fact that the foreclosing party(ies) have complied with each and every provision contained herein.

1. Every Petition for Foreclosure and/or every action undertaken by a foreclosing party prior to seeking recovery or seizure, or occupancy of property, shall require the foreclosing party(ies) to file a verified complaint or affidavit alleging the facts supporting the claim for relief, executed by a person with actual knowledge of all facts alleged. The executing party on said verified Petition or affidavit shall affirmatively allege and actually be available for the taking of testimony by deposition or at an evidentiary hearing in the jurisdiction in which the property is located.

2. Each such Petition or Affidavit shall state the names and addresses of all parties involved in the loan transaction and shall be served under the rules governing service of process upon each of said parties as third party non-party litigants, if such parties were not the lender or borrower.

3. Each such Petition or Affidavit shall account for all funds that were passed through or to each party named in the action, the disposition thereof, and the manner and time in which the passage of said funds were dispersed, together with a citation to the mortgage documentation, including a quote of the relevant passages in the body of the Petition or Affidavit wherein said funds are disclosed and wherein said funds are authorized.

4. Each such Petition or Affidavit shall state with particularity whether any changes occurred after the closing of the subject loan transaction in which parties or persons were changed including the names and addresses of all parties and persons related to the transactions subject to the mortgage.

5. With respect to the sale or assignment or any joint or sharing arrangements concerning ownership, distribution of risk, or securitization in which the subject loan was referenced as collateral or otherwise, each such Petition shall state with particularity the details of each such transaction, the distribution or re-distribution of funds, and the documents employed by said parties after said closing.

6. Each and every such Petition or Affidavit shall affirmatively state that the foreclosing party(ies) have standing and authority to bring the action, defend counterclaims and answer affirmative defenses. The signature of the attorney on said, pleading shall be mandatory and shall constitute a representation to the COURT that the filing attorney has performed with proper due diligence to ascertain the truth of the allegations of legal standing and all other allegations.

7. Each such Petitioner or Affidavit shall be accompanied by attachments of the referenced documents to be included with the first service of such Petition or Affidavit.

8. Each such Petition or Affidavit shall state with particularity and specificity each disclosure made to the borrower and any third parties involved in the transaction under the Truth in Lending Act and the corresponding provision of the mortgage documents executed by the borrower which supports said disclosure.

9. Each such Petition or Affidavit shall state with particularity and specificity each disclosure made to the borrower and any third parties involved in the transaction under the Truth in Lending Act and the corresponding provision of the mortgage documents executed by the borrower which does not support said disclosure. If any allegation other than "none" is made under this paragraph, the foreclosing party(ies) shall state with specificity the law or fact upon which they should be excused from compliance.

10. Each such Petition or Affidavit shall attach a full and complete accounting of all money, value or funds transmitted, paid or or promised between all parties involved in the loan transaction before or after the loan transaction. In the event the borrower has been overcharged,

undercharged, or charged correctly, the Petition or Affidavit shall so state affirmatively, providing a full accounting of said funds.

11. No answer or response from the borrower shall be due unless and until the foreclosing party(ies) are incomplete and full compliance with the provisions of these rules. Any prior answer or response may be amended by the borrower after a determination is made that the foreclosing party(ies) are in full compliance. No prior Judgement, order or other document or rule shall prevent the borrower from filing a response or answer after the foreclosing party(ies) are found to be in compliance with these rules.

12. In the event that the foreclosing party(ies) fails or refuses to comply with these rules, the foreclosure shall be barred with prejudice and until the terms of the mortgage are determined with certainty by the Court by clear and convincing evidence, no payments to the mortgagee shall be due. This provision that not apply to payment to taxing authorities. In such event of delay caused by the the foreclosing party(ies) the court may fashion such equitable remedies as the Court deems fit in its discretion. for example, the Court could apply delinquent payments to the end of the mortgage, thus extending the terms.

13. In the event of non-compliance with these rules wherein the foreclosing party(ies) demonstrate to the Court the probability that they could amend their filing to conform to the requirements herein, the foreclosing party(ies) shall file an amended Petition or Affidavit on or before thirty (30) days from the date of the order of the Court allowing the amendment. Failure to file within the said thirty period shall be grounds for a mandatory immediate dismissal with prejudice.

14. In the event of the filing of a verified amended Petition or Affidavit, Borrower shall have ninety (90) days in which to answer or respond. Failure to answer or respond shall not relieve the burden of proof of the foreclosing party(ies) in compliance with state, local and Federal law, and in compliance with these rules. (See attached Affidavit)

15. The Court may grant attorney fees and costs to the prevailing party in each case where a motion or other filing occurs, wherein a determination is made in an adversary proceeding that the filing is in or out of compliance.

16. In the event a foreclosure has already been completed and all subsequent and customary actions have occurred and no bona fide third party has taken control or occupancy of the property, these rules may apply retroactively.

17. Once compliance has been established and the issues are joined, the Court shall enter an order requiring the parties to enter into a process of mediation. The purpose of the mediation shall be to fashion a settlement which provides relief and incentives for all affected parties, including non-Party litigants. Mediation shall take place no earlier than thirty (30) days after the entry of the mediation order, and not later than is reasonably possible given the volume of cases and the availability of competent mediators.

These rules are subject to review by the Court, but are effective immediately. Comments and applications to be heard shall be available in keeping with the usual and customary methods of proposed rule changes. Said rules shall be effective unless and until stated otherwise by the Court.

DONE AND ORDERED THIS _____ DAY OF December, 2014 IN THE CITY OF _____, STATE OF California.

_____
District Judge